**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TIMOTHY WHITEUS, | Case No. 07-14145 |
| Plaintiff, | District Judge<br>Arthur J. Tarnow |
| v. | Magistrate Judge<br>Steven D. Pepe |
| JENNIFER GRANHOLM, *et al.*, | |
| Defendants. | |

**AMENDED ORDER DENYING PLAINTIFF'S
APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Plaintiff's application to proceed on appeal *in forma pauperis*. Plaintiff appeals the Court's April 3, 2008 Order granting numerous motions to dismiss and motions for summary judgment following a hearing held April 2. For the reasons stated below, Plaintiff's application is denied.

### I. BACKGROUND

Plaintiff's Complaint arises out of an investigation and criminal prosecution which commenced in November 2000. Both state and federal authorities participated in the investigation into Medicaid and Medicare fraud and criminal enterprise. Ultimately, three African-American physicians, including Plaintiff, were charged.

During this time period, local media, including Defendants Stinger and Fox News, reported on the investigation. At least two broadcasts referred to Plaintiff. The latest of those, in January 2003, reported that he had been bound over for trial.

Indeed, Plaintiff was bound over on two charges, following a five day preliminary exam. However, the case was concluded in October 2006 when a *nolle prosequi* motion by the state was granted.

Plaintiff brought suit against seventeen Defendants, including state and federal investigators

into his case, prosecutors, two judges, the state and federal agencies involved, and Blue Cross Blue Shield of Michigan. He raised claims of violations of §§ 1983, 1985, and 1986; conspiracy, false arrest, and malicious prosecution; and defamation.

Defendants filed five motions to dismiss (or in one case, for summary judgment), to which Plaintiff responded. Oral argument was held on April 2, 2008. An Order was granted on April 3 granting all motions. A motion for sanctions filed by Defendant Giddings was denied.

## II. ANALYSIS

### A. In forma pauperis *rules on appeal*

Pursuant to Federal Rules of Appellate Procedure Rule 24, a plaintiff must file a motion, accompanied by an affidavit that

> (A) shows in the detail . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

The statute that governs *in forma pauperis* procedures, 28 U.S.C. § 1915(a)(3), states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." If a court denies such a motion or certifies that the appeal is not brought in good faith, it must notify the parties and the court of appeals. Fed. R. App. P. 24(a)(4). The court must state in writing its reasons for the denial. Fed. R. App. P. 24(a)(2).

Good faith is demonstrated when the movant "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921 (1962). An appeal need not appear likely to succeed, but must advance "legal points arguable on their merits (and therefore not frivolous)." *Jones v. Frank*, 622 F.Supp. 1119, 1120-1121 (D.C.Tex. 1985) (quoting *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Because "a complaint[] contain[s] . . . both factual allegations and legal conclusions, [it] is frivolous where it lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).

### B. Plaintiff has no non-frivolous basis for appeal

#### 1. Defendants Medicaid of Michigan and Michigan State Police Health Care Fraud Unit, Hanselman, and Edick

None of Plaintiff's arguments for appeal have "an arguable basis either in law or in fact." To begin, Defendants Medicaid of Michigan and Michigan State Police Health Care Fraud Unit were correctly dismissed because they were not legal entities, and therefore not proper parties for suit. *See Glenn v. E. I. DuPont De Nemours & Co.*, 254 S.C. 128, 133, 174 S.E.2d 155, 158 (1970) ("A suit brought in a name which is not a legal entity is a nullity and the action fails.").

Defendant Hanselman is deceased, and thus clearly beyond reach of this court. Defendant Edick was not served within the 120-day limit required by Federal Rule of Civil Procedure 4(m). Rule 4(m) compels mandatory dismissal in the absence of a showing of good cause for the failure to serve. *Id.*

#### 2. Defendants Ball and Giddings

Next, Defendant Judges Ball and Giddings enjoy absolute judicial immunity, because the conduct complained of was judicial in nature. *See Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999).

#### 3. Defendants Michigan Attorney General, Michigan State Police, Granholm, Cox, and Stevenson.

The Eleventh Amendment bars suit against all state actors in their official capacities, unless the state has waived sovereign immunity. *Moore v. City of Harriman*, 272 F.3d 769, 776 (6th Cir. 2001). Furthermore, beyond the Eleventh Amendment bar, agencies such as Defendants Michigan Attorney General and the Michigan State Police are not "persons" for the purposes of § 1983. *See Harris v. Morris*, 983 F.2d 1066, 1993 WL 2303, *2 (6th Cir. 1993) (citing *Will v. Michigan*

*Department of State Police*, 491 U.S. 58 (1989)). Therefore, both agencies were properly dismissed, as were Defendants Granholm, Cox, Stevenson, and Edick in their official capacities.

All four were sued as well in their individual capacities. However, these Defendants are immune under the doctrine of prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993 (1976), established that prosecutors are absolutely immune from § 1983 actions. That immunity extends even to conduct that is malicious, dishonest, or in bad faith. *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998) (citing *Imbler*, 424 U.S. at 427, 96 S.Ct. 984).

Contrary to Plaintiff's assertion, there is no fraud exception to prosecutorial immunity. As explained by the Second Circuit,

> courts have applied the absolute immunity doctrine without carving out a fraud exception even in cases alleging fraud in situations that directly implicate constitutionally protected personal liberty interests in the criminal context, including a case where a prosecutor allegedly committed fraud upon the courts in a criminal prosecution for capital murder [referring to *Imbler*, 424 U.S. at 416].

*In re NYSE Specialists Securities Litigation*, 503 F.3d 89, 101 (2d Cir. 2007). It describes *Imbler*'s grant of immunity as having extended even to "alleged prosecutorial misconduct included knowingly permitting false testimony at trial and submitting altered evidence to the jury." *Id*. (citing *Imbler*, 424 U.S. at 416, 96 S.Ct. 984).

Thus Plaintiff's allegations of fraud and perjury, even were they sufficiently factually supported, still cannot defeat *Imbler*'s grant of absolute prosecutorial immunity. Hence, all Defendant Prosecutors were appropriately dismissed; under *Imbler*, there is no non-frivolous basis for appeal.

### *4. Defendants Blue Cross Blue Shield of Michigan and Larsen*

Plaintiff similarly has no meritorious basis for his appeal as to Defendants State Police Officer Larsen and Blue Cross Blue Shield of Michigan ("BCBSM"). "To sustain a § 1983 claim, plaintiff must establish that it was deprived of a right secured by the Constitution or laws of the

United States, and that this deprivation was caused by a person acting under the color of state law." *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citations omitted). Plaintiff complains of different treatment in billing practices by BCBSM, and that it "harmed Plaintiff Whiteus without fair due process." Compl. ¶ 23.

BCBSM is not a unit of government. When a § 1983 claim is made against a private entity, a Plaintiff must allege either that its conduct is fairly attributable to the state, or that it acted in concert with the government. *Memphis Postal Workers Union,* 361 F.3d at 905. Plaintiff has alleged the latter.

However, civil conspiracy claims "must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987)). A Plaintiff must show

> that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Memphis Postal Workers Union,* 361 F.3d at 905. A Plaintiff must provide at least some evidence to support finding Defendants acted according to a single plan. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). No such evidence was offered, so Plaintiff has failed to allege BCBSM was a state actor.

Plaintiff's only allegation against Defendant Larsen was that he acted in concert with BCBSM. No specific conduct was cited, nor did Plaintiff provide any support to find a common objective. Coupled with the fact that Plaintiff alleged no constitutional violation that would be the objective of the conspiracy, Plaintiff's claims fail against both those defendants.

### *5. Defendants Health and Human Services and Vantrease*

First, Plaintiff's claims against Health and Human Services are not actionable. There is no case or controversy, nor is Plaintiff entitled to injunctive relief, when he has alleged no imminent injury. *See Wilson v. Morgan*, 477 F.3d 326, 342-43 (6th Cir. 2007).

As to Defendant Vantrease, neither the Fourteenth Amendment nor § 1983 apply to him, because he is a federal agent and not a state actor. *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987). Furthermore, there is no evidence that he did more than participate in an investigation. Plaintiff has provided no support for the Court to find that Vantrease improperly influenced the state prosecution which occurred here. He has provided no arguable basis in law for fact to support his appeal as to these Defendants.

### *6. Defendants Fox News and Stinger*

Plaintiff's claims against Defendants Fox News and Fanchon Stinger are for defamation, which has a one year statute of limitations. M.C.L. § 600.5805(9). As the latest broadcast about Plaintiff occurred in 2003, the claims was untimely when it was filed on October 1, 2007. Again, no arguable basis exists for these Defendants.

### *7. Plaintiff also lacks necessary elements of his claims*

Even if Plaintiff's action were not barred by immunity, he would also fail to meet a necessary element of his claim. "A claim of malicious prosecution is actionable under § 1983 where all elements of the state law tort are present and *probable cause was lacking* as defined by Fourth Amendment jurisprudence." *White v. Rockafellow*, 181 F.3d 106, 1999 WL 283905, *2 (6th Cir. 1999) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 174 (6th Cir.1987); other citations omitted) (emphasis added). *White* continues: "Under Michigan law, probable cause is present where sufficient facts exist to cause a prudent person to believe that another has committed a crime." *Id*. at *2.

Further, *Holz v. City of Sterling Heights*, 465 F.Supp.2d 758 (E.D.Mich. 2006) (Lawson, J.), stated that

> [t]he Sixth Circuit has also held that "where the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action."

*Id.* at 772 (citing *Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir.1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir.2001)).

Here, if allowed to advance, Plaintiff's case will fail on the required demonstration of "absence of probable cause." The District Court judge conducted five days of preliminary exams. Plaintiff was represented in those proceedings by an attorney and had the opportunity to contest the state's probable cause. Despite, that, the judge found probable cause existed sufficient to bind Defendant over. Pursuant to *Holz* and *Coogan*, Plaintiff cannot now argue that probable cause did not exist.

A claim of selective prosecution can survive dismissal "only when the motion alleges sufficient *facts* to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose." *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) (citing *United States v. Hazel*, 696 F.2d 473, 475 (6th Cir.1983)). Much like *Daubenmire*'s plaintiff, Plaintiff here has made conclusory allegations which do not suffice to raise doubt as to the prosecutors' purposes.

### 8. *Other grounds for appeal similarly lack merit*

In addition to the circumstances of the individual Defendants explained above, Plaintiff's appeal advances no legal points arguable on their merits. His allegations of error also include judicial bias; this Court's failure to read his entire complaint; that Plaintiff's claims of fraud should have both tolled the statute of limitations and prevented the application of *res judicata* and estoppel;

and that the Court "failed to adjudicate claimant's allegation" of a violation of federal criminal statute, 18 U.S.C. § 1512.

First, in response to the charge that the Court failed to read the entire Complaint and all its exhibits, the Court "has no obligation to 'wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" *Mueller Copper Tube Products, Inc. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 254 Fed. Appx. 491, 494 (6th Cir. 2007) (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 110-11 (6th Cir.1989)). The obligation is on the non-movant to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*,477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986) (citing Fed. R. Civ. Proc. 56(e)).

Plaintiff was given ample opportunity to, and indeed did, cite portions of his Complaint and other exhibits at the April 2, 2008 hearing, to support his position. *See*, *e.g.*, Tr. 14-16, 36, 41, 45-46. However, those citations were often to conclusory allegations unsupported by facts.[1] Or, as in the case of Blue Cross Blue Shield, for example, the recited facts did not rise to a constitutional violation.

Furthermore, alleged violations of 18 U.S.C. § 1512, advanced to support's Plaintiff's allegation that this Court applied the wrong law, similarly fail. Plaintiff tries to rely on statements such as "Witness tampering is against the law in all 50 states." It is indeed. However, such statements do not establish nor support Plaintiff's cause of action.

Plaintiff's pleadings contain no factual element to supports his contention that witness

---

[1]For instance, many of the exhibits provided by Plaintiff simply repeat his allegations in various forms and contexts. Those include, for instance, letters to then-Attorney General Jennifer Granholm and then-U.S. Attorney Jeffrey Collins. Other exhibits contain general rhetorical statements and questions raised by the Plaintiff (for which the intended audience is not clear).

tampering occurred. Even if they did so, such tampering would not be actionable. *See Drake v. Enyart*, No. 3:06CV-217-S, 2006 WL 3524109, *5 (W.D.Ky. 2006) ( citing *inter alia* § 1512 as one of several "criminal statutes which do not give rise to any private right of action.").

Plaintiff is correct to argue that the *Rooker-Feldman* doctrine does not apply; however, that argument does not save any aspect of his appeal. *See McCormick v. Braverman*, 451 F.3d 382, 391 (6th Cir. 2006) (observing that the doctrine does not apply where the Plaintiff does not assert injury or violation caused by the state court judgment.). For all of the foregoing reasons, Plaintiff's appeal lacks merit, and is therefore not taken in good faith.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is DENIED.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and **Timothy Whiteus**, 20448 Monica ,Detroit, MI 48221 on September 5, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for THERESA E. TAYLOR
Case Manager